OPINION of the Court, by
Ch. J. Boyle.
— This was a presentment against the defendant in error as an overseer of a public road, for not keeping the same in repair. On the trial in the court below, the person on whose information the presentmint was made, was of-feted to be sworn as a witness on the part of the corn-monwealth ; but the defendant objected, alleging that the witness was interested, in as much as he was liable lor costs, in case the presentment should not be supported. The court below sustained the objection and gave judgment for the defendant, to which this writ of error is prosecuted.
We have no doubt that the court below erred in deciding the witness to be incompetent. Though the presentment was made upon his information, he cannot with propriety be said to be a party to the prosecution ; and it is evident therefore that upon general principles he could not bi liable to costs. If liable at all, it must be by virlue of some statutory provision making him so j- *475 but we are not. aware of the existence of any statute which according to a fair and candid construction can have that effect. The 39th section of the “ act to re* duce into one the several acts concerning the examination and trial of criminals, grand and petit juries, ve-nires, and for other purposes,” subjects the prosecutor in case of an information or indictment for a trespass or other misdemeanor to the costs(a) if the information or indictment is not supported j and it is upon this proyision that the decision of the court below is supposed to have been predicated. But it is clearly not applicable ⅜ to the case of a presentment for not keeping a road in «.repair, or other similar offence upon which a small pe-Jjcuniary penalty is imposed : for in such cases no infor-Sfmation or indictment is required to be filed. An indictment may indeed in a general sense be called a presentment ; but it is in several respects distinguishable, and the provisions of the act before mentioned plainly ■ presuppose a distinction. Besides, there is also a difference between a prosecutor and a person upon whose information the indictment is found or presentment made. The same individual does not necessarily unite in himself both characters. In truth where the prosecutor is incompetent because of his liability to costs, he cannot legally be the person on whose information an indictment or presentment could be found. Now although the law has required the name of a person on whose information a presentment is made to be written at the foot of the presentment, yet it no where denominates him a prosecutor. To construe, therefore, the provision making the prosecutor liable to costs, to apply to the person on whose information a presentment is made, would be confounding terms of clearly different itnport, and which legally speaking must relate to different persons. But an answer altogether conclusive against the objection to the competency of the witness in this case is deducible from the 26th section of the act before referred to. That section, after prescribing the-manner of trial and the nature of the process against the accused in cases like the present, requires the persons on whose information the presentment has been made, to be summoned as witnesses. This provision clearly shews that the object of having the names of the persons on whose information a presentment is made set at *476 the foot ofJ the presentment, was not to subject them to costs, but to enable the oth ers of the governments knoty who should be summoned to maintain the presentment, and it is evidently predicated upon the idea that such persons are competent witnesses.
Judgment reversed.

 1 vol. 355-ante 21.